IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHAD W. DAVIS,

    Plaintiff,

       v.                                                Case No. 08-1232-JTM

KEVIN SNOW,

    Defendant.

MEMORANDUM AND ORDER

This matter is before the court on defendant's motion to dismiss. (Dkt. No. 7). Chad Davis filed this action against Kevin Snow alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* (Dkt. No. 1).

Davis applied for employment with Total Heating & Cooling, Inc. ("Total") on June 23, 2008. Davis completed and signed an employment application that contained the following language: "I authorize the company and/or its agents, including consumer reporting bureaus, to verify any of this information. I authorize [sic] all former employers, persons, schools, companies and law enforcement authorities from any liability for any damage whatsoever for issuing this information." (Dkt. No. 8-3 at 4). Terrance Snow, the owner of Total, hired Davis on June 23, 2008. In July of 2008, Terrance Snow looked on the Kansas Bureau of Investigation's web page and found information that indicated Davis was a registered sex offender. Terrance Snow called his brother, Kevin Snow, who subscribes to an internet background service and asked him to

run a background check on Davis. Kevin ran the background check and told Terrance that Davis was a registered sex offender. Terrance Snow then fired Davis.

Kevin Snow is the owner of Herb Snow & Son Appliance Service, a retail appliance sales and service company. He is not in the business of assembling and evaluating consumer information for purposes of reporting to third parties.

A Fed.R.Civ.P. 12(b)(6) motion to dismiss will be granted only if it appears beyond a doubt that the plaintiff is unable to prove any set of facts entitling him to relief under his theory of recovery. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), overruled on other grounds by *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

A plaintiff must establish that the defendant is a "consumer reporting agency" to establish a violation of the FCRA. *See* 15 U.S.C. § 1681 *et seq*. 15 U.S.C. § 1681a(f) defines a "consumer reporting agency" as "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties . . . ."

Kevin Snow performed a single background check using an internet service and there is no evidence he is a "consumer reporting agency." Davis signed an employment application that authorized verification of the information he provided.

Davis has failed to state a claim upon which relief can be granted.

IT IS ACCORDINGLY ORDERED THIS 6th day of March, 2009, that the defendant's motion to dismiss (Dkt. No.7) is granted.

s/J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE